UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELENA DEJESUS,

    Plaintiff,

v.                                                    Case No. 8:17-cv-2502-T-36TGW

FLORIDA CENTRAL CREDIT UNION

    Defendant.
_____/

# ORDER

This matter comes before the Court upon Defendant's Motion to Dismiss with Prejudice the Amended Complaint (Doc. 21) and Plaintiff's Response in Opposition to Defendant's Motion to Dismiss the Amended Complaint and Incorporated Memorandum of Law (Doc. 24). In the motion, Defendant argues that the Plaintiff did not exhaust all administrative remedies before filing suit and that Plaintiff's factual allegations are inadequate to infer that Defendant is liable for sex discrimination. The Court, having considered the motion and being fully advised in the premises, will deny Defendant's Motion to Dismiss the Amended Complaint.

**I.**     **STATEMENT OF FACTS**[1]

Plaintiff, Elena DeJesus, sues Defendant, Florida Central Credit Union ("FCCU"), for violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a) *et seq*. as amended by the Civil Rights Act of 1991. Doc. 19 at ¶ 1. FCCU hired DeJesus at its St. Petersburg branch. *Id*. at ¶ 12. She requested a transfer to the Clearwater branch for convenience. *Id*. at ¶ 13. She

---

[1] The following statement of facts is derived from the Amended Complaint (Doc. 19), the allegations of which the Court must accept as true in ruling on the instant Motion to Dismiss. *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F.2d 989, 994 (11th Cir. 1983).

underwent a phone and in-person interview and started her position as a bank teller in Clearwater on November 1, 2016. *Id*. at ¶ 14. The next day, she discovered that she was pregnant and informed her supervisor, Julie Irizarry, that same day. *Id*. at ¶ 15. DeJesus scheduled a medical procedure to terminate the pregnancy for November 10, 2016. *Id*. at ¶ 17. DeJesus cleared the date with Irizarry prior to the procedure; Irizarry approved the time off. *Id*. at ¶ 18. DeJesus underwent the procedure in the morning and was unable to work for the rest of the day. *Id*. at ¶ 19.

On November 16, 2016, FCCU, through Irizarry and another supervisor from the FCCU Tampa Branch, performed a two-week performance evaluation of DeJesus. *Id*. at ¶ 20. The performance evaluation went well and they noted that DeJesus had no disciplinary issues. *Id*. at ¶ 21. Thereafter, the branch manager, Minerva Villanueva, spoke to DeJesus in her office and notified her that she was being terminated for her absence from work. *Id*. at ¶ 22. Villanueva stated that the medical procedure was not an appropriate excuse for her absence, although it was approved by Irizarry. *Id*. at ¶ 23. DeJesus, at all relevant times, had no physical limitations that prevented her from performing the job duties and responsibilities with reasonable accommodation. *Id*. at ¶ 24.

On December 5, 2016, DeJesus filed her Charge of Discrimination (the "Charge") with the Equal Employment Opportunity Commission ("EEOC"). Doc. 21-1 at 1.[2] She marked the box for "Other" and specified "wrongful termination" as the basis of the Charge. *See id*. In the Charge, she stated the following. She was not feeling well and went to her doctor for an evaluation. *Id*. at 2. During the evaluation, she learned she was pregnant. *Id*. She needed to undergo a time sensitive

---

[2] DeJesus did not attach her Charge to the Amended Complaint. But the Court may consider exhibits attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed. *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). DeJesus neither disputes the Charge's authenticity nor its centrality to her claim. *See* Doc. 24.

medical procedure to terminate her pregnancy and spoke to her manager regarding taking a day off. *Id*. Her manager, Irizarry, approved the day off and she went forward with her medical procedure. *Id*. Upon her return, as noted in the allegations in the Amended Complaint, she received a positive evaluation and was thereafter terminated for taking a day off from work during her probationary period. *Id*.

## II. LEGAL STANDARD

To survive a motion to dismiss, a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient. *Id*. (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, (2007)). Furthermore, mere naked assertions are not sufficient. *Id*. A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id*. (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id*.

## III. DISCUSSION

FCCU argues that DeJesus did not exhaust her administrative remedies because the basis for the EEOC Charge was "wrongful termination," not sex or pregnancy discrimination. *See* Doc. 21-1 at 1. And it argues that the Charge neither alleges sufficient facts from which a sex discrimination claim could reasonably be expected to grow nor provides fair notice of the claim of discrimination. Therefore, FCCU argues, the EEOC would not have investigated sex discrimination based on the allegations in the Charge; thus, DeJesus cannot allege it in her

Amended Complaint. FCCU further argues that the Amended Complaint otherwise fails to state a proper claim for sex or pregnancy discrimination because it does not allege a prima facie case of discrimination.

DeJesus counters the exhaustion argument by noting that the Eleventh Circuit is "extremely reluctant" to permit procedural technicalities to bar claims brought under Title VII citing *Gregory v. Georgia Dep't of Human Res.*, 355 F. 3d 1277, 1280 (2004). Thus, she argues, checking the wrong box on the Charge is not fatal to her claim. DeJesus also argues that the allegations in the Amended Complaint infer that FCCU's reason for her termination was pretext for sex discrimination because of her supervisor's belief that the medical procedure was not a valid reason for pre-approved time off. Doc. 24 ¶ 12. Thus, she argues, the Amended Complaint should survive dismissal.

### A. Claim Exhaustion

Before filing a discrimination lawsuit in district court, the plaintiff must first file a charge of discrimination with the EEOC. 42 U.S.C. § 2000e–5(e)(1); *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001). The scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination limits the scope of a judicial complaint. *Alexander v. Fulton County, Ga.*, 207 F.3d 1303, 1332 (11th Cir. 2000). The purpose of this exhaustion requirement "is that the [EEOC] should have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts." *Evans v. U.S. Pipe & Foundry Co.*, 696 F.2d 925, 929 (11th Cir. 1983). *See also Wu v. Thomas*, 863 F.2d 1543, 1548 (11th Cir. 1989).

Nonetheless, the Eleventh Circuit has noted that courts should not strictly interpret the scope of an EEOC complaint. *Gregory v. Georgia Dep't of Human Res.*, 355 F.3d 1277, 1280 (11th

Cir. 2004). And courts should allow judicial claims if they "amplify, clarify, or more clearly focus" the allegations in the EEOC charge of discrimination. *Wu*, 863 F.2d at 1547. But allegations of new acts of discrimination are inappropriate. *Id*.

The proper inquiry here is whether the claims in the Amended Complaint could reasonably grow out of the allegations contained in the Charge. The Charge indicates "wrongful termination" as the basis for the claim. Doc. 21-1. But when DeJesus describes the meeting where FCCU terminated her, she stated that Villanueva explicitly mentioned her absence from work stemming from the medical procedure. *Id.* at 2. In this action, DeJesus does not allege any new acts of discrimination. And the facts alleged in the Charge could, under a broad reading, encompass a claim for sex and pregnancy discrimination. Thus, the Amended Complaint clarifies her claims in the Charge. Therefore, the Court will deny the Motion on this basis.

    **B.**    *Title VII Claim*

FCCU argues that DeJesus has not sufficiently pleaded a claim for discrimination under Title VII because she has not pleaded a prima facie case for sex discrimination. DeJesus correctly argues that establishing a prima facie case is not the appropriate standard at the dismissal stage of litigation.

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). As amended by the PDA in 1978, Title VII includes "pregnancy, childbirth, or related medical conditions" in its proscription on discrimination "because of sex." *See* 42 U.S.C. § 2000e(k). The examination of a discrimination claim predicated upon sex, including pregnancy, and that predicated upon any other discrimination

is the same. *See Armstrong v. Flowers Hosp., Inc.*, 33 F.3d 1308, 1312 (11th Cir. 1994) ("Rather than introducing new substantive provisions protecting the rights of pregnant women, the PDA brought discrimination on the basis of pregnancy within the existing statutory framework prohibiting sex-based discrimination.").

To state a Title VII claim, plaintiffs must allege that their employer's (or former employer's) actions were the product of "intentional discrimination on the basis of a prohibited factor." *Walker v. NationsBank of Fla., N.A.*, 53 F.3d 1548, 1557 (11th Cir. 1995) (discussing *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 511 (1993)). Intentional discrimination is a question of fact that plaintiffs may establish through either direct or circumstantial evidence. *EEOC v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1272 (11th Cir. 2002).

Defendant acknowledges that Title VII protects women from discrimination based on their choice to have an abortion. *See Doe v. C.A.R.S. Protection Plus, Inc.*, 527 F.3d 358, 364 (3d Cir. 2008), *cert. denied*, 129 S. Ct. 576 (2008). But it argues that the law does not require preferential treatment to pregnant employees; it only requires that employers treat "pregnant employees the same as non-pregnant employees who are similarly situated." *Id*. at 364.

In *Doe*, the Third Circuit held that the Pregnancy Discrimination Act ("PDA") prohibits an employer from discriminating against a female employee because she has had an abortion. 527 F.3d at 364. *See also Turic v. Holland Hospitality, Inc*., 85 F.3d 1211, 1214 (6th Cir. 1996) (holding that discharge of pregnant employee because she contemplated having an abortion procedure violated PDA). And the PDA makes it clear "for all Title VII purposes, discrimination based on a woman's pregnancy is, on its face, discrimination because of her sex." *Newport News Shipbuilding and Dry Dock Co. v. E.E.O.C*., 462 U.S. 669, 684 (1983). The Eleventh Circuit has

not weighed in on this specific issue. FCCU argues that DeJesus has not alleged that she was treated differently than any other employee.

With that background, FCCU urges the Court to dismiss the Amended Complaint because DeJesus did not plead a prima facie case of sex discrimination under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). This argument is misplaced at the dismissal stage. The Supreme Court in *Swierkiewicz v. Sorema N.A.* established that for employment discrimination cases, "the prima facie case under *McDonnell Douglas* ... is an evidentiary standard, not a pleading requirement." 534 U.S. 506, 510 (11th Cir. 2002). The *McDonnell Douglas* framework concerns "the order and allocation of *proof* in a private, non-class action challenging employment discrimination," not the pleading standards of such a case. *Id.* (quoting *McDonnell Douglas*, 411 U.S. at 800). *Swierkiewicz* noted that no case following *McDonnell Douglas* has "indicated that the requirements for establishing a prima facie case under *McDonnell Douglas* also apply to the pleading standards that plaintiffs must satisfy ... to survive a motion to dismiss." *Id.* at 511.

The Eleventh Circuit has repeatedly held that a Title VII claimant does not have to plead a prima facie case to survive dismissal. *See, e.g., Surtain v. Hamlin Terrace Foundation*, 789 F.3d 1239, 1246 (11th Cir. 2015) ("The complaint 'need not allege facts sufficient to make out a classic *McDonnell Douglas* prima facie case.' ") (quoting *Davis v. Coca–Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008)); *Jackson v. Bellsouth Telecomms.*, 372 F.3d 1250, 1270–71 (11th Cir. 2004) ("*Swierkiewicz* made clear that pleading a *McDonnell Douglas* prima facie case was not necessary to survive a motion to dismiss...."). Further, the Eleventh Circuit has reiterated that "a complaint need only provide enough factual matter (taken as true) to suggest intentional ... discrimination." *Surtain*, 789 F.3d at 1246 *Id.* (quoting *Davis*, 516 F.3d at 974).

DeJesus alleged that she is a member of a protected class based on her sex and her pregnancy, that she was qualified for her position based on her outstanding performance evaluation, and that she was terminated for her preapproved absence to have a medical procedure to terminate her pregnancy. Based on these allegations, DeJesus has pleaded enough factual matter to survive dismissal. *Accord Winstead v. Lafayette County Bd. of County Commissioners*, 197 F. Supp. 3d 1334, 1339 (N.D. Fla. 2016) (finding that plaintiff alleged enough facts to suggest discrimination and put defendant on notice of the basis for the claim to survive dismissal although plaintiff did not allege that similarly situated employees were treated more favorably).

### IV. Conclusion

DeJesus has pleaded enough facts in her Amended Complaint to allege a cause of action for discrimination based on sex under Title VIII. Her allegations, although not the model of clarity, permit the Court to sufficiently draw the inference that FCCU terminated her because of her choice to have an abortion, which may be a basis for sex discrimination. FCCU's arguments are otherwise more appropriately addressed at summary judgment.

**Accordingly, it is hereby ORDERED as follows:**

1. Defendant's Motion to Dismiss With Prejudice the Amended Complaint (Doc. 21) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on October 11, 2018.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
All Counsel of Record